UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEILA CRUZ MCCOY,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>    Defendants. | Case No.  23-cv-00984-TLT<br><br>**ORDER DISMISSING CASE; DENYING MOTION TO DISMISS AS MOOT**<br><br>Re: ECF Nos. 5, 11 |

Pending before the Court is Defendant Social Security Administration's motion to dismiss. ECF No. 11.  As Plaintiff Leila Cruz McCoy failed to provide an updated address, the Court **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE**.  Accordingly, Defendant's motion is **DENIED AS MOOT**.

The Court previously ordered Plaintiff to provide an updated address by May 5, 2023, as mail sent to Plaintiff's address on file had been returned as undeliverable on March 6, 2023.  *See* March 28 Order, ECF No. 5; *see also* ECF Nos. 4, 10, 12 (returned mail).  In that order, the Court noted that, pursuant to Civil Local Rule 3-11(b), the Court "may dismiss a complaint without prejudice when '(1) mail delivered to the [] pro se party by the Court has been returned to the Court as not deliverable; and (2) the Court fails to receive within 60 days of this return a written communication from the [] pro se party indicating a current address." March 28 Order at 1:17–20 (modification omitted).  To date, Plaintiff's address on file with the Court has not been updated. Accordingly, the Court **DISMISSES** Plaintiff's complaint, **WITHOUT PREJUDICE.**

As Plaintiff's complaint is dismissed, Defendant's motion is **DENIED AS MOOT**. The Court notes that Defendant's arguments are that Plaintiff has not received a final decision from the Commissioner of the Social Security Administration and has not exhausted the available

administrative remedies. In support, Defendant refers to a declaration stating that upon review of the Appeals Review Processing System at the Office of Appellate Operations, Social Security Administration, there is "no indication of an Administrative Law Judge decision or dismissal, or a request for review before the Appeals Council, relating to the plaintiff under Title II or XVI of the Social Security Act, closed, pending, or otherwise." Decl. of Christianne Voegele at 2–3, ECF No. 11-1. To the extent this search is accurate, Plaintiff must exhaust all administrative remedies prior to seeking relief from this Court. *See* 42 U.S.C. § 405(g) (stating judicial review may be sought "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow"). If Plaintiff has done so, Plaintiff may bring a new suit.

This Order terminates ECF No. 11. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: June 30, 2023

_____
TRINA L. THOMPSON
United States District Judge